W. A. **Parkinson Company, Defendant in Error, v. M. S. Tullgren, Plaintiff in Error.**

Gen. No. 18,048.

1. EVIDENCE—*when memorandum made in conversation admissible.* Where the plaintiff in making an estimate on a job figures it out on a piece of paper, giving the cost of each item, and at the bottom writes "no shoring," which he claims had been agreed upon, and the defendant takes the paper and two days afterwards tells plaintiff to do the work, the paper is admissible as part of the conversation as tending to corroborate plaintiff's version of it.

2. ACCOUNT STATED—*where statement retained without protest.*
Where defendant has received a statement of an account and makes
payments thereon and retains it over two months without protest
or objection, this is a reasonable length of time to warrant his
acquiescence in its correctness, and tends to show a stated account.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP,
Judge, presiding. Heard in the Branch Appellate Court at the
March term, 1912. Affirmed. Opinion filed February 11, 1913.

HENRY M. HAGAN, for plaintiff in error.

EDWIN L. WAUGH, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the
court.

Plaintiff sued for a balance due on a contract for
masonry work alleged to be $665.95, and defendant filed
a set-off claiming a balance due him of $25.30. The jury
found for plaintiff in the sum of $463.66. The only
two points pressed upon our attention in defendant's
brief are that the verdict was against the weight of the
evidence, and that an exhibit was improperly admitted
in evidence.

The main fact in controversy involved in both con-
tentions was whether the contract price agreed upon
included the cost of shoring, for which defendant paid
$342 and claimed credit.

Plaintiff was invited to make an estimate on the
job. Its president figured it out on a piece of paper,
giving the cost of each item, and on the bottom of it
wrote "No shoring," which he claimed had been
agreed upon. He testified that he gave "those figures"
to defendant, and that defendant said "he would take
that over to the architect," and two or three days af-
terward told him to do the work. The paper was iden-
tified as the one submitted to defendant in the conver-
sation and taken from defendant's desk. This evi-
dence was not denied, and, under the circumstances,
we think the paper was admissible as part of the con-

versation and as tending to corroborate plaintiff's version of it.

There was also evidence tending to show a stated account. Defendant did not deny receiving a statement of the account as it existed October 14th, and making four payments thereon between that time and December 23rd, a reasonable length of time to warrant his acquiescence in its correctness in the absence of any protest or objection to it. We find no good reason for disturbing the verdict, and the judgment will be affirmed.

*Affirmed.*